IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TERI VERMEULEN                                                   PLAINTIFF

v.                      CIVIL NO. 5:18-CV-5076

ANDREW M. SAUL,[1] Commissioner,
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Teri Vermeulen, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on October 1, 2015, alleging an inability to work since September 19, 2013, due to epilepsy, carpal tunnel syndrome, depression, and memory loss. (Tr. 59, 73). For DIB purposes, Plaintiff maintained insured status through December 31, 2018. (Tr. 59, 73). An administrative hearing was held on April

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

3, 2017, at which Plaintiff appeared and testified. (Tr. 37-51). Larry Seifert, vocational expert (VE), was also present testified. (Tr. 51-55).

By written decision dated June 6, 2017, the ALJ found that during the relevant time period, Plaintiff had severe impairments of epilepsy, fracture of lower limb, and carpal tunnel syndrome. (Tr. 17). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a). (Tr. 18-24). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was able to perform her past relevant work as an accounts payable clerk. (Tr. 24). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from September 19, 2013, the alleged onset date, through June 6, 2017, the date of the decision. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, and that request was denied on March 7, 2018. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 31st day of July, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE